UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HENRY BENJAMIN and HAROLD EDWIN, | Case No. 24-CV-4524 (PJS/ECW) |
| Plaintiffs, | |
| v. | ORDER |
| JEFF SPIESS; SAM SHAFER; TRENT STUDER; JEREMY SROGA; MICHAEL MILBRANDT; and BRADEN MCNAIR, | |
| Defendants. | |

Plaintiffs Henry Benjamin and Harold Edwin were pulled over by the police while travelling in a vehicle that had not been registered and that was not displaying valid license plates.  When Benjamin and Edwin refused to exit the vehicle, police officers broke one of the vehicle's windows, forcibly removed them from the car, and arrested them.  The car was impounded.  Plaintiffs regard all of this as unlawful.  Their car was, according to them, not a "corporate motor vehicle" and therefore was not subject to the state's jurisdiction, *see* Pls. Aff. ¶ 11 [ECF No. 4]; the police officers lacked probable cause to stop the vehicle, according to them, because they had done nothing unlawful; and the subsequent arrest and impoundment was illegal, according to them, because they had not consented.

Plaintiffs did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status.  See ECF Nos. 2–3.  Plaintiffs qualify financially for IFP status, but an IFP application will be denied, and an action will be dismissed, when an IFP application fails to state a cause of action on which relief may be granted.  See 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.  In assessing the sufficiency of the complaint, courts disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

2

Each of the seven legal claims identified by plaintiffs arises under state law. *See* Pls. Decl. at 4 [ECF No. 1].[1] None of those claims arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is also no reason to believe that plaintiffs are of diverse citizenship from defendants. *See* 28 U.S.C. § 1332(a). Thus, if plaintiffs are indeed seeking relief only under state law, the Court has no choice but to dismiss the action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

That said, plaintiffs are not attorneys, and their pleading is entitled to a generous interpretation. That pleading at least gestures in the direction of alleging violations of the United States Constitution, and any claims of constitutional violations committed by persons acting under color of state law would arise under 42 U.S.C. § 1983, a federal statute. Because claims under § 1983 arise under federal law, the Court has jurisdiction over such claims pursuant to § 1331.

That said, for claims to survive review under § 1915(e)(2)(B)(ii), not only must this Court have jurisdiction over those claims, but they must at a minimum be plausible. Plaintiffs have not plausibly alleged that their federal constitutional rights were violated. Minnesota law plainly requires registration of all motor vehicles (with a

---

[1] Plaintiffs initiated this action with a "Declaration" [ECF No. 1] and an Affidavit [ECF No. 4] rather than filing a complaint. The Court has interpreted those documents collectively as comprising the pleading in this matter.

few exceptions not relevant to plaintiffs), not just motor vehicles in "commerce," as plaintiffs allege. *See* Minn. Stat. § 168.09, subd. 1. To demonstrate compliance with registration, those motor vehicles must display plates and other insignia. *See id.* subd. 4. Plaintiffs, by their own admission, did not do any of those things. Accordingly, under Minnesota law, plaintiffs were not authorized to operate the vehicle.[2] *See id.* subd. 1. Defendants would have had probable cause to suspect that plaintiffs had violated Minnesota law—indeed, it would have been obvious—and therefore the traffic stop was lawful. *See United States v. Andrews*, 454 F.3d 919, 921 (8th Cir. 2006) ("Probable cause exists when a reasonable officer, confronted with the facts known to the officer at the time of the stop, could have believed that there was a fair probability that a violation of law had occurred."). Finally, plaintiffs have not plausibly alleged that any of the actions that followed, including their forceable removal from the car and arrest, were unreasonable under the circumstances. No plausible entitlement to relief under § 1983 has been pleaded.

---

[2] To the extent that plaintiffs might argue that Minnesota *cannot* impose registration and licensing requirements on motor vehicles, "such arguments have been regularly and roundly rejected." *Milliman v. Driver License Compact Comm'r*, No. 16-CV-1209 (JRT/HB), 2016 WL 11486913, at *5 (D. Minn. May 23, 2016), *adopted in part*, No. CV16-1209 (JRT/HB), 2016 WL 4974946, at *7 (D. Minn. Sept. 16, 2016), *aff'd*, No. 16-4023, 2017 WL 4995816 (8th Cir. Feb. 27, 2017), *and aff'd*, No. 17-2715, 2018 WL 732392 (8th Cir. Jan. 2, 2018); *accord Triemert v. Wash. Cnty.*, No. 13-CV-1312 (PJS/JSM), 2013 WL 6729260, at *8–9 (D. Minn. Dec. 19, 2013) (collecting cases).

This action is therefore dismissed without prejudice. Plaintiffs' applications to proceed IFP are denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The applications to proceed *in forma pauperis* of plaintiffs Henry Benjamin and Harold Edwin [ECF Nos. 2–3] are DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 26, 2024

                                                Patrick J. Schiltz, Chief Judge
                                                United States District Court